UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jamie King, | Case No. 4:16-cv-01539 |
| Petitioner | |
| v. | MEMORANDUM OPINION AND ORDER |
| Steve Merlak, Warden, | |
| Respondent | |

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Jamie King, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted, pursuant to a guilty plea, in May 2012 in the United States District Court for the Northern District of West Virginia on charges of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). He was sentenced to 46 months incarceration, and five years of supervised release. Petitioner was released from prison and began to serve the supervised release portion of his sentence, but was arrested for violating the terms and conditions of his release on March 9, 2016. He was sentenced to serve an additional 14 months with credit for time served prior to sentencing.

Petitioner contends the Bureau of Prisons is arbitrarily treating his conviction as a "crime of violence" under 18 U.S.C. § 16 and is denying him privileges such as access to email, the ability to work at Uni-Core Industries, and to be transferred to a lower security prison. (Doc. No. 1 at 2.) He contends § 16 is functionally equivalent to the residual clause contained in a portion of the Armed Career Criminal Act that the Supreme Court of the United States held unconstitutional in *Johnson v.*

*United States*, __ U.S. __, 135 S.Ct. 2551 (2015).  Relying on *Johnson*, Petitioner seeks an order requiring the Bureau of Prisons to "strike all references to a crime of violence from his central inmate file" and to cease and desist "from applying [a]ny punishment derived from 18 U.S.C. § 16" to him.  (Doc. No. 1 at 16.)

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, I may dismiss the Petition at any time, or make any such disposition as law and justice require, if I determine the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

Petitioner is not entitled to relief under 28 U.S.C. § 2241.  To the extent Petitioner is challenging an actual sentence imposed on him under 18 U.S.C. § 16, he must assert such claim in the sentencing court pursuant to 28 U.S.C. § 2255.  As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 is the primary avenue for relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461

(6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Moreover, the Supreme Court has recently made clear that *Johnson* constitutes a new substantive rule of law having retroactive effect for purposes of challenging a sentence under §2255. *See Welch v. U.S.*, __ U.S. __, 136 S.Ct. 1257 (2016). Accordingly, any claim by Petitioner that a sentence imposed on him under 18 U.S.C. § 16 is unconstitutional under *Johnson* is not cognizable in a § 2241 petition.

To the extent Petitioner is not challenging an actual sentence imposed on him, but is challenging the Bureau of Prison's treatment of him, including restricting his access to email, denying him work at Uni-Core Industries, and barring his transfer to a lower security prison, he is also not entitled to habeas relief under § 2241. Habeas corpus is not the appropriate vehicle for a prisoner to challenge his conditions of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). If a federal prisoner seeks relief regarding the conditions of his confinement, he must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Luedtke*, 704 F.3d at 466.

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge